UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No: 6:24-cr-00095-JSS-LHP

WILLIE LAWRENCE NELSON JR.,

    Defendant.
_____/

## ORDER

The Government moves in limine to exclude Defendant's Exhibit 1, which depicts a warning sign alerting visitors to the national park where the offense allegedly occurred that they may encounter nude sunbathing within a particular boardwalk at the park. (*See* Dkt. 57.) Defendant opposes the motion. (*See* Dkt. 67 at 5–7.) For the reasons outlined below, the court denies the Government's motion in limine.

The Government challenges the exhibit as irrelevant and as having a probative value substantially outweighed by the danger of confusing the issues or misleading the jury. (Dkt. 57 at 3–4.) In response, Defendant contends that evidence of nude sunbathing at the park is relevant to disprove lewd or lascivious intent. (Dkt. 67 at 6.) He further maintains that the evidence is probative of his defense "that the person whose penis was exposed may have mistakenly believed he was in the area of the beach where nudity was permitted" and that the evidence will not confuse the jury because witnesses "can clearly explain where the nude beach is in relation to where the alleged

crime occurred." (*Id.* at 6–7.)

The court agrees with Defendant.  "Evidence is 'relevant' under Rule 401 of the Federal Rules of Evidence if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action.'"  *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020) (quoting Fed. R. Evid. 401).  "And under Rule 402, '[r]elevant evidence is admissible' unless provided otherwise by the Constitution, federal statute, the other Federal Rules of Evidence, or other rules made by the Supreme Court."  *Id.* at 1323–24 (alteration in original) (quoting Fed. R. Evid. 402).  Defendant has been charged with the Florida offense of lewd or lascivious exhibition.  (*See* Dkt. 16 at 1–2)  "The terms 'lascivious' and 'lewd' have a sexual connotation under Florida law."  *Faile v. City of Leesburg*, No. 23-11465, 2024 WL 2148637, at *4 (11th Cir. May 14, 2024); *see Schmitt v. State*, 590 So. 2d 404, 410 (Fla. 1991) ("Under Florida criminal law[,] the terms 'lewd' and 'lascivious' are synonymous:  Both require an intentional act of sexual indulgence or public indecency, when such act causes offense to one or more persons viewing it or otherwise intrudes upon the rights of others." (footnotes omitted)).  Not all nudity is lewd or lascivious.  *See Schmitt*, 590 So. 2d at 411 (contemplating that "nudity alone would not have sufficed" to prove "a lewd intent," and commenting that the defendant "did not treat the nudity of himself, his daughter, and others in the offhand, natural manner that might be expected if the conduct were purely innocent—for example, if they were nudists"); *Goodmakers v. State*, 450 So. 2d 888, 891 (Fla. Dist. Ct. App. 1984) (distinguishing "mere nudity" from "'lascivious' exposition or exhibition of the

defendant's sexual organs"); *Andrews v. State*, 130 So. 3d 788, 790 (Fla. Dist. Ct. App. 2014) ("accept[ing] the premise that not all nude photographs are lewd and lascivious"). The fact that parts of the park permitted nonsexual public nudity is relevant to the Defendant's intent. *See Egal v. State*, 469 So. 2d 196, 198 (Fla. Dist. Ct. App. 1985) ("[C]onduct which in some circumstances might be purely innocent, such as nudity, can be found to be lewd and lascivious if accompanied by the requisite improper intent.").

Under Federal Rule of Evidence 403, the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues[ or] misleading the jury." Fed. R. Evid. 403. But the exclusion of evidence under this rule "is an extraordinary remedy which should be used sparingly." *McGregor*, 960 F.3d at 1324 (quoting *United States v. Cross*, 928 F.2d 1030, 1051 (11th Cir. 1991)). Here, the evidence is probative of Defendant's intent, and the danger of confusing the issues or misleading the jury is not great because the jury can distinguish between sexual and nonsexual nudity.

For the reasons explained above, the Government's motion in limine (Dkt. 57) is **DENIED**.

**ORDERED** in Orlando, Florida, on July 19, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record